QUESTION: Are persons who run for election to public office as independent, minority party, or write-in candidates permitted under the Florida campaign financing statutes, Ch. 106, F. S., to make expenditures in the same amounts and during the same time periods as persons who run for nomination and election to public office as candidates of major political parties?
SUMMARY: All candidates for election to public office — those running as independents, write-ins, or under a minority party banner, as well as the candidates of the major political parties — may begin to make campaign expenditures as soon as they have appointed a campaign treasurer and designated a primary depository. However, unless and until otherwise clarified by the courts or the Legislature, the campaign expenditures of an independent, minority party, or write-in candidate are limited to the amounts specified in s. 106.10(1), F. S., for the general election. At s. 106.011(1)(b), F. S., the term "candidate" is defined to include, for the purposes of Ch. 106, F. S.: Any person who has received contributions or made expenditures, appointed a campaign treasurer, designated a campaign depository pursuant to this chapter, or given his consent for any other person to receive contributions or make expenditures, with a view to bringing about his nomination or election to public office . . . . Section106.021, F. S., specifies the manner of appointment of a campaign treasurer and subsection (3) of said section states: (3) No contribution shall be received or expenditure be made by or on behalf of a candidate . . . until the candidate . . . appoints a campaign treasurer and certifies the name and address of the campaign treasurer pursuant to this section. . . . It is clear from the above-quoted language that as soon as a candidate has appointed a campaign treasurer, he or she may begin to make expenditures — assuming, of course, that a primary depository has also been properly designated. The occurrence which authorizes the making of expenditures is the appointment of the campaign treasurer, and this is so irrespective of whether the candidate has yet attained the status of a qualified candidate. Accordingly, I am of the view that all candidates — those running as independents, write-ins, or under a minority party banner, as well as the candidates of the major political parties — may begin to make expenditures as soon as they have appointed a campaign treasurer and designated a primary depository. Turning now to the question of the amount of the expenditures which may be made by candidates for election to public office other than those running as candidates of the major political parties, attention must first be directed to s. 106.10, F. S. Subsection (1) of the cited statute specifies in detail the amounts which may be spent for each primary election and for the general election by all candidates regulated by Ch. 106, F. S. The last paragraph of that subsection contains the following rule of construction: "In no event shall this section be construed so as to allow expenditure of funds by a candidate for a given election in excess of the amount specified for that election." And, as stated in State ex rel. Triay v. Burr, 84 So. 61 (Fla. 1920), at p. 74: "Where a rule of construction is contained in the statute itself, that rule should be applied if it is necessary to use any rules of construction in determining the meaning or effect of the law." Independent, minority party, and write-in candidates do not run in the primary elections. The eligibility of such candidates to run in the general election is determined by other methods (see ss. 99.023, 99.152, 99.153, 101.261, 101.262, and 101.263, F. S.) and the only election in which they participate is the general election. Such being the case, unless and until otherwise clarified by the courts or the Legislature, I am of the opinion that the above-quoted statutory rule of construction compels a conclusion that independent, minority party, and write-in candidates may not spend more than the limits specified for the general election in subsection (1) of s. 106.10, supra. It is, of course, axiomatic that duly enacted statutes are entitled to a presumption of validity unless and until otherwise decided by the courts, and this presumption must be indulged in with respect to the limitations on the amounts of campaign expenditures found in s. 106.10(1), F. S. However, it should also be noted that the Supreme Court of the United States, in the recent case of Buckley v. Valero, Secretary of the United States Senate, 44 U.S.L.W. 4127 (U.S. Jan. 30, 1976), invalidated, on First Amendment grounds, provisions of the federal campaign financing laws which impose limitations on the total amounts of campaign spending. The court's comments include the following: The Act's expenditure ceilings impose direct and substantial restraints on the quantity of political speech. . . . It is clear that a primary effect of these expenditure limitations is to restrict the quantity of campaign speech by individuals, groups, and candidates. [44 U.S.L.W. 4138] We find that the governmental interest in preventing corruption and the appearance of corruption is inadequate to justify . . . [the] ceiling on independent expenditures. [44 U.S.L.W. 4140] The candidate, no less than any other person, has a First Amendment right to engage in the discussion of public issues and vigorously and tirelessly to advocate his own election and the election of other candidates. Indeed, it is of particular importance that candidates have the unfettered opportunity to make their views known so that the electorate may intelligently evaluate the candidates' personal qualities and their positions on vital public issues before choosing them on election day. [44 U.S.L.W. 4142] No governmental interest that has been suggested is sufficient to justify the restriction on the quantity of political expression imposed by . . . [the] campaign expenditure limitations. [44 U.S.L.W. 4143]
The foregoing, while not dispositive of the validity of the expenditure limitations found in s. 106.10(1), F. S., certainly casts serious doubts on the future enforceability of such provisions.